

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
01/08/2014

| | | |
|---|---|---|
| IN RE: § | | |
| OCEAN TOWER LP § | CASE NO: 11-70776 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| ATRIUM VILLA PARTNERS, L.P., *et al* § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 12-07009 | |
| § | | |
| JUAN CARLOS SUAREZ § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

The adversary proceeding pending between Atrium Villa Partners, L.P. and Juan Carlos Suarez is remanded to state court.

### Background

On May 4, 2012, Juan Carlos Suarez ("Suarez"), a defendant in a usury/fraud state court lawsuit that had been filed pre-petition by Ocean Tower, LP and Atrium Villa Partners ("Atrium"), L.P., removed the state court lawsuit into the Ocean Tower bankruptcy, thereby initiating this adversary proceeding.

Ocean Tower's claim in this proceeding related to a transaction between Anton Domit (principal of Ocean Tower) and his brother-in-law Suarez. The transaction allegedly called for Suarez to invest $300,000.00 in Ocean Tower and in return Suarez was guaranteed a return of the $300.000.00 principal, plus $300,000.00 profit within three years. Domit allegedly transferred the Atrium Villa Apartments to Suarez in lieu of investment repayment. It is this element of the transaction that forms the basis of Atrium's claim in the adversary.

This Court denied Suarez's Motion for Summary Judgment on June 26, 2013. (ECF No. 15). The Court approved Trustee's Motion for Compromise and Settlement Agreement between Ocean Tower and Suarez on August 30, 2013. (ECF No. 29). The Court subsequently dismissed Ocean Tower's claims against Suarez on October 2, 2013. (ECF No. 33). The Order expressly states that the claims of Atrium against Suarez are unaffected by the Court's Dismissal Order.

Because the Estate is no longer a party to the litigation, this Court ordered the parties to file pleadings as to whether the remaining disputes in this adversary proceeding should be remanded to state court. (ECF No. 34).

## Analysis

The Fifth Circuit has ruled that "as a general rule the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings. The general rule favors dismissal because the court's jurisdiction over the related proceedings depends upon the nexus between underlying bankruptcy case and the related proceeding." *In re Querner* 7 F.3d 1199 (5th Cir. 1993) (internal citations omitted).

Notwithstanding the dismissal of the debtor's claim in this adversary proceeding, Suarez has requested that this Court retain jurisdiction of the remaining claims between Atrium and Suarez. In *In re Querner*, the Fifth Circuit held that a bankruptcy court abused its discretion by retaining jurisdiction of a probate case after the bankruptcy case terminated, finding that considerations of judicial economy, convenience, fairness, and comity did not support retention of jurisdiction. *Id*.

Although the bankruptcy case has not been dismissed, the estate no longer has any interest in the outcome of this proceeding. Accordingly, *Querner's* reasoning should still be applied.

In this case, none of the four factors compel this Court to retain jurisdiction. Judicial economy does not favor retention because the Court has expended few judicial resources on resolving the claims between Atrium and Suarez. This is not a case where the related matter "had already been fully tried with all parties simply awaiting the decision" of the court. *See In re Stardust Inn., Inc.*, 70 B.R. 888, 891 (Bankr. E.D. Pa. 1987). The only ruling this Court has made regarding the Atrium-Suarez dispute was an Order denying Suarez's Motion for Summary Judgment for lack of sufficient evidence.[1] As to fairness and convenience, there is no evidence that remanding this proceeding to state court will result in undue delay. Finally, comity favors remanding a case that involves state law claims between two non-bankruptcy parties, when resolution of the disputes between Atrium and Suarez can have no possible effect on the bankruptcy case.

## Conclusion

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED **January 8, 2014.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

---

[1] (ECF No. 15) ("The Court finds that summary judgment is inappropriate where, as here: (i) the outcome turns on facts for which there is no evidence other than affidavits and declarations; (ii) the affiants are financially interested parties who have not been cross-examined; and, (iii) the affidavits and declarations contain internal inconsistencies and statements which are, at least superficially, incredible.").